May it please the Court. Good morning, Your Honors. I'm Meredith Stewart. I represent the Plaintiff's Appellants. The issue here is whether the Secretary of Labor misinterpreted his administrative appeal regulations to allow employers to file challenges to the legality of the Secretary's wage policy when the Secretary has stated that the hearing officers who hear those appeals don't have the authority to rule on the lawfulness of that policy. Help me understand why that's an action. Because we take appeals all the time in which the very question of our jurisdiction is an issue. But we are not taking a final, we are not taking, how does allowing employees to appeal constitute an action? What we're challenging here is the Secretary's interpretation of those appeals. So we still have to, it's the same for us. We are taking an appeal and one of the things at issue that we will have to appeal. But consequences do not flow from our allowing the appeal. The subordinate hearing officers who hear the administrative appeals are different from Article III judges. How is it different analytically though from our, how do you consider it to be an action if we support rights are determined by the fact that we have said anything about our jurisdiction or anything at all about, it has no substantive bearing on whether or not it's properly before folks or whether, in fact I don't know how we could stop an appeal, not allow people to appeal just because we think we might not have jurisdiction to hear it. You see what I'm saying? And it doesn't seem to me to make much difference whether we're Article III and they're not. There are still, there is still an appellate process and the fact of it is not an action with respect to the substance of the appeal. The Secretary defines the scope of his appeal regulations and by allowing appeals, there were legal consequences Your Honor because he allowed appeals that the subordinate hearing officers have no authority to decide. So by doing that he ensured that the wage obligations that the employers have would be stalled. We hear appeals where the district court didn't have the authority to decide the matter either and we make that determination. I'm just curious as to the notion that allowing an appeal becomes an action. The same thing is true here. There are consequences, especially if you stay the outcome below or allow it to continue, there are consequences. But there's no final action in simply allowing the appeal to proceed. By allowing the appeals to proceed, that was a clear action and it's not, Your Honor, it's not the Secretary's That's exactly my problem. I don't see how that's the case. What you're saying isn't going to the problem I had as to how allowing, we have pro se appeals, we have all kinds of appeals. The fact that we allow the appeal to proceed is not a final action for any reason. We're not challenging the allowances of these appeals. We're challenging the But that has to be how it manifests itself. Because there's no other way, there's no other form in which the interpretation plays out. And I'm sorry, I'll let you get into the argument. That's a conceptual problem that I'm having with the notion that there is agency action. That having, that the Secretary having appeals. I understand your concern, Your Honor, I think, and let me see if I can address it. What we're challenging here is the Secretary's interpretation of his appeal regulations. That interpretation, an agency's interpretation of their law, is an action reviewable by this court. We're reviewing district court decisions. The district court threw this case out for lack of jurisdiction, correct? Yes, that's correct. So what you need to be arguing is that the district court had jurisdiction and should have addressed the merits, correct? That's correct, yes. That's what your appeal is, that the district court erred in throwing the case out. That's correct. You have to convince us that it did possess jurisdiction because you want it sent back. Although you want a lot more, you actually want us to say he had jurisdiction and he failed to know it and ignored it and didn't decide things. So you want to say that he, you want us to say he had jurisdiction, but since we got it all up here, we can decide it all. That's correct. We asked the court. You want us to decide everything that you wanted him to decide, which he didn't get to because he ruled, the court ruled, the district court ruled he didn't have jurisdiction. That's correct, Your Honor. You really want a lot. I think that is very helpful. The problem that I'm having is don't we need to have a final, isn't there a general agreement that we have to have a final agency action? Yes, there needs to be final agency action for this court to review. The district court had to have a final agency action. There needs to be one somewhere. And you want us to say the district court missed it when he ruled there was no final agency action. And if we say, if I agree with you that the district court was wrong when it held there was no final agency action, I don't know how we can do anything other than sit back, do the district court, and say you had jurisdiction to go forward with the case. I don't see where our job is that complicated. It's a jurisdictional question as to whether the district court got it right or wrong on the jurisdictional call. Your Honors are correct. There is a threshold issue of whether there is final agency action here. We say that there is. And I can explain. That's what you have to say. And the district court said no. So that's what you said. You just argued that he was wrong. That's right. And should this court find final agency action, it can reach the merits here because both of our claims present pure questions of law that this court reviews de novo. And I think I probably made a mistake. I wasn't analyzing or analogizing to have the appeal process. But the district court can only be wrong if there was final agency action. So that is, in order to agree with you, we have to agree that there was final agency action. That's correct. And there is here. An agency's interpretation of its law is an action that's reviewable. Here we know DOL's interpretation was final for two main reasons. Which action was the final agency action? The fact that the agency views its appeal regulations as not vesting it with the authority to refuse any appeal. The agency stated that in its brief to this court. It's that interpretation that we challenge here. That interpretation is completely irrational because the agency also has stated the subordinate hearing officers don't have the authority to rule on the appeals that were filed. But do you understand what you just said? You said that the final agency action was that the agency views itself as being bound by this construct. Right. And an agency has an authority to interpret its own law and its regulations. Here, DOL could have interpreted its regulations as it should have, which is that they prohibit appeals that the subordinate hearing officers can't rule on. The secretary actually did cabin the scope of his regulations in its initial notice to the employers when it said here are the reasonable bases for an appeal, but you may not file an appeal that raises a challenge to your occupational classification. There's no reason why the secretary couldn't have also said once he became aware that the employers were filing appeals to the legality of his wage policy, you also can't file appeals that raise the lawfulness of the secretary's policies. You can't file those appeals because the subordinate hearing officers can't rule on them. It's that interpretation that we challenge here, and that is final agency action. That interpretation had clear legal consequences. When was the final agency action? Your Honor, there isn't a date, but that doesn't. There had to be a date. They had to do it sometime. Once the Department of Labor processed all the employers' invalid appeals at the first step, he demonstrated his interpretation and the finality of it. He further demonstrated it when he elevated those appeals to the second step of the appeal process. And by he, you mean the secretary? The secretary, yes. Secretary of Labor. Secretary of Labor, yes, Your Honor. He's supposed to be working for the Secretary of Homeland Security? The Department of Homeland Security delegates the Department of Labor to establish a prevailing wage. Homeland Security is really in charge, and the Labor Department is supposed to be helping them out. The Department of Homeland Security has delegated responsibility for prevailing wages to the Department of Labor. So the Department of Labor, the Secretary of Labor, his delegate. We can agree with that, but you're challenging, you're trying to challenge a thing from the Department of Labor, but you don't know when the action will be. The record as a whole demonstrates the existence of the action. So when does the time start to run on this action? As soon as the secretary realized the employers filed invalid appeals. As part of the problem with not having, with your position is there's nothing concrete. There's no action. There's no rule. An agency's interpretation of their law is a rule, and the Department of Labor reinforced the finality of this action in its brief to this court when it said it views its appeal regulations. So its brief is the final agency action? Its brief evidence is the finality of the Department of Labor's interpretation. And a statement in a brief is an action for APA purposes. This court has held that. Additionally, the fact that the interpretation isn't written or even clearly defined doesn't bar this court from finding that it's final agency action. I'll point your attention to a case we cited in our brief, the Venetian Casino case. A D.C. Circuit case that found the EEOC had a policy that wasn't written or clearly defined, but the record of a whole establishes its existence. That's exactly the case here. The record as a whole establishes the Department of Labor's interpretation of its appeal regulations, and that interpretation is final agency action reviewable by this court. And what's the final agency action? The secretary's interpretation. Okay, so that's both the action and the final agency action. Yes, Your Honor. Did they give them the pay raise or the extra? So they hadn't been paying them enough to go back and pay them more? That's not the final agency action we're alleging here. The final agency action we're alleging is when the Department of Labor allowed the employers to file appeals that raised legal challenges to the secretary's policy. And that's the consummation of the agency's decision-making process? Yes, and that's evidenced by the fact that DOL elevated those appeals from the first to the second to the third step, and also when DOL reinforced its interpretation in its brief to this court. That interpretation isn't subject to any further development. Why is the question unfolded? Why is the substantive question that's presented here still extant? The agency has decided not to take, has decided to indefinitely continue its interpretation. So how can the allowing of the appeal be the consummation of the decision-making process? Because the agency's interpretation is not going to change any further. The Department of Labor is sticking by that interpretation and has stated it makes no intention of changing it. Well, it doesn't plan to address, and it doesn't plan to do anything further. Which is exactly right. And, Your Honors, if you find that this interpretation is valid or it's not final agency action, then we have another claim played in the alternative. And that is if the appeals are valid, as Department of Labor says, then DOL has unreasonably delayed deciding those appeals. The finality question doesn't pertain to that second claim. Once again, Your Honor, what was the question? Is it delayed in deciding your appeals? It's delayed. I'm talking about the employer's appeals. Yes, Your Honor, it's the employer's appeals. But how do you have standing to challenge the delay of deciding the employer's appeals? For two reasons. How does that harm you? The delay in deciding the appeals has deprived workers of their right to wages that they were owed and that they earned in 2013. Okay, but that's a substantive determination. That assumes that you're correct. You're right, Your Honor. There's another harm that we suffer here. Okay. Do you have any authority for the proposition that you can bring, that you can challenge the failure to address an appeal taken by an adverse party? I don't have an authority directly on that point, Your Honor, I don't think. But I do know here that the plaintiffs, the workers, suffered injury as a result of the agency's delay in deciding the employer's appeals. They didn't have a deadline in the regulation. They didn't have any data in there where they had to decide. Isn't that right? The regulations clearly envision. Isn't that right, what I said? DOL does not have a deadline in the regulations. I didn't say they have to decide anything at any time. It just says there's no deadline for the appeal. It's sort of like us. Your Honor, there is a timeline. Sometimes we do. Pardon? Excuse me, Your Honor. There is a timeline in the regulations. And that evidences the regulations. You're right. For the decision-making, it doesn't have a deadline. The ALJs. I mean, you're talking about two wage rates, like 2013, and then they got a raise, 2016, 21% or something. And that's what's at dispute here, is whether the employer's going to have to pay extra for back in 2013. I mean, you've got some equities on your side, but it's hard to pin down what the final agency action is. There's no question about that. The workers were entitled to increased wages in 2013, and that's what they seek to enforce here. That's part of what is at issue, whether or not the wage rates can change after the initial rate certification. That's part of the argument. Your Honor, that question actually isn't present in this case. That's the argument the employers made in the appeals. That argument is properly made before a federal court under the APA. That is whether the Secretary's 2013 wage policy is valid at all. That's part of the level of lack of certainty we have here. The Department of Labor does not dispute that. The Department of Labor thinks that its 2013 wage policy is valid. We and the Department of Labor aren't in dispute over that issue. That has long been decided. In fact, the Department of Labor issued those wages in response to a court order. Are you talking about the second wage, the increase? The 2013 wage is the wage at issue here. But when they came in to do the work, were allowed in the country to do the work, there was one wage rate, and it was changed two or three years later. And you want a retroactive pay from the employers of what they should have been paid. That was decided two or three years later. The employers don't like it because they said when we bargained for them to come in here, it was a different rate. But that's getting way ahead of the question of whether there's a final agency action that gets you jurisdiction. As Moffs up in Maryland said, there wasn't any. And you want us to say he's wrong, then you want us to go ahead and decide all this other stuff that he didn't get to. And we normally don't review things that the district courts haven't previously reviewed. We're the court of review, not first view. I understand that, Your Honor. I can address that question. I see that my time is up, but would you like me to address your question? You've been putting up a lot of delays here. You will pass. Okay. Okay, I can respond to your question on rebuttal if that's preferred. Okay. You want to answer the question. A lot of times I forget what the question was. Was there a question? Maybe I'm just making a talk. Well, Judge King, I believe I understood your question as whether the court can decide the issues on the merits. Should the court find final agency action? That's right. I just want to dial back. Okay. So first, should this court not find final agency action? I just want to remind the court that there is a second claim of unreasonable delay, and the finality issue doesn't go to that claim. Should the court find final agency action, or in the alternative, the DOL delay deciding these appeals unreasonably, then the court should reach the merits here. Both present pure questions of law that this court reviews de novo. No additional record is needed. This court has made rulings on the merits before that the district court didn't reach. Two other courts of appeals have reached the merits on cases involving the administration of the H-2 program because those courts realized that judicial economy called for that, and also to stop the ongoing harm that the administration of the program was causing foreign workers, U.S. workers, and the domestic labor market. Those principles apply here. The Department of Labor implemented these wages in 2013 because the Department of Labor itself found that further delay in setting. Okay. Thank you, Your Honor. Thank you. Good morning, Your Honors. Benita Andra-Palial on behalf of the government at police. Your Honors, the legal background and procedural history of this case is a bit complex, but the government's position in this appeal is straightforward. Plaintiffs identified two issues on appeal. First, they contest the district court's dismissal of their first cause of action. We think that the district court got it right here. There was no final agency action at issue. The Fourth Circuit in Village of Bald Head Island stated that final agency action for APA review purposes is similar to finding that there's a final judgment for the purposes of appealability under 28 U.S.C. 1291. And here it's quite clear that mere acceptances or allowances of administrative appeals up to, you know, the intermediate levels of review can't constitute sort of consummation of agency decision-making process by which rights or obligations have been determined and from which legal consequences can flow. And I know that you debated this quite extensively with Ms. Stewart, and so I'm here to answer any further questions you may have on that issue, but I don't mean to belabor that point. And second, you know, even if there was a final agency action here, there's no alleged violation that would meet the plausibility threshold under Twombly and Iqbal. We've, you know, they state, plaintiffs state that three regulations were violated by administrative officials accepting these appeals, and if you look at those regulations, none of them contain an obligation to refuse an appeal for any specific purpose. And finally, I do want to point out this argument that plaintiffs are contesting the Secretary's interpretation of its regulations, that wasn't actually specifically pled in the complaint. In the complaint, plaintiffs were complaining of actions taken by specific intermediate administrative officials in shepherding these appeals through the administrative process. And certainly we contest the notion that our briefing to this court constitutes some sort of final agency action that can be reviewed in the instant appeal. Moving on to plaintiff's motion to amend, the second issue in this appeal, we took no position on plaintiff's motion to amend in the district court. However, we did so with the understanding that we would have the opportunity to move to dismiss that additional claim once it was accepted by the district court. And so we strongly contest the plaintiff's argument that this court should reach the merits on that claim as well as the first cause of action. There has been no administrative record filed in this case. The government and our co-defendants have not had the opportunity to brief the merits on either issue. And we do dispute the idea that both claims present pure questions of law. The Administrative Procedure Act and the Supreme Court in Citizens to Preserve Overton Park has made it quite clear that an administrative record is necessary to make merits determinations on the lawfulness of agency action. Because you're not only looking at the laws at issue, you're looking at the action, and whether that was a reasonable construction of the statute or the regulation at issue. And certainly even if this was a purely legal question as to the first cause of action, district courts review agency action and the lawfulness of that action under the Chevron standard, and we haven't been able to make our merits arguments as to that issue. And we would be prejudiced by this court reaching the merits here without that opportunity. And as to the fifth cause of action, the proposed fifth cause of action, the alleged unreasonableness in the delay of deciding employer administrative appeals, like I said, we anticipated the opportunity to move to dismiss that claim, and we do have arguments that we think are viable there, including, as Judge Duncan pointed out, the fact that plaintiffs themselves are not parties to the... Yes, exactly. And furthermore, on an unreasonable delay claim, that is a factual issue. There are facts to consider there when you're looking at how long is the delay, does it make sense that there is a delay of this length, why is the agency not acting sooner. Those are factual issues that we haven't had the chance to present. And so I'm happy to answer any questions from the court, but if not, I can end my argument here. Now, you're with the Department of Justice? Yes, Your Honor. But you're representing the Department of Labor? That's correct. Okay, thank you very much. Good morning, Your Honors. My name is Wendell Hall. I represent the employer defendants in this case, except for DeGeller and Toll Brothers. In this case, the appellants sued the Department of Labor in order to force the Department of Labor to impose a massive mid-season, unauthorized wage increase upon all of us employer defendants. The district court correctly dismissed that case for lack of a final agency action, and for lack of jurisdiction under this court's decision in Comité de Trabajadores Agricoles, pardon my Spanish, CADA versus DOL. It's a decision of this court issued in 1993. CADA requires three conditions to be met for a case like this to be justiciable. Number one, it requires that there be standing for the plaintiffs to sue the government. Number two, it requires that the adversely affected parties from the action that the plaintiffs are seeking to force, the parties to the case, and that they seek affirmative concrete relief against the adversely affected parties. The third element in particular is missing here. There is no request for affirmative relief against us. That's because nobody has standing to request anything from us. Simply put, there is no request for affirmative relief in this case. What I would like to do, Your Honors, number one, I would like to address the final agency action argument very briefly. Then explain why CADA provides an independent basis for affirmance in addition to the absence of a final agency action in this case. That independent basis also demonstrates why amendment of the complaint would have been futile. Because there will never be jurisdiction in this case. Because there is no request for any kind of affirmative relief. The plaintiffs make that clear on page 27 of their reply brief to the government briefing. With respect to the final agency action, the process is this. It's very important. Because there has been a constant confusion between the action of the Secretary of Labor and the Secretary's policy, and DOL did this, the government did that, and the way the process actually works. The person who made the decision to issue the new prevailing wage determinations, the lingo is SPWD, or Supplemental Prevailing Wage Determinations. That's the second one? That's the second one, the supplemental one. Which was effectively a retroactive pay raise. Correct, Your Honor, exactly. And it was after two years later? No, most of the prevailing wage determinations that our employers got, they would have received it approximately seven to ten months after we received our original prevailing wage determination. But during the season. It was like 20% extra? 21% average is how the plaintiffs said it. Were these hotel and restaurant workers? Pardon me, Your Honor. Were they hotel and restaurant workers? No, Your Honor, landscape workers in this case. The hotel and restaurant workers you're thinking about are the employees in the Island Holdings case. The SPWD, Supplemental Prevailing Wage Determinations, were issued by a subordinate officer of the secretary called the certifying officer. And they were issued in his name and they were his action. The Board of Alien Labor Certification Appeals, BALCA, as we call it, B-A-L-C-A, reviewed its job, delegated by the secretary, is to review... What does BALCA stand for? Board of Alien Labor Certification Appeals. We understand that a lot better than all those acronyms. I was even in the military and listened to a lot of them. But BALCA, I don't know what it means. The board's job is to have the certifying officer complied with the secretary's regulations. So what the issue is here with respect to final agency action is what we have is we have a decision of the certifying officer, a subordinate employee, who decided that these appeals were proper. They were unquestionably proper under two of the three subsections in the regulation. And allowed them to proceed. This was never a decision of the secretary of labor. This was never a decision of anybody other than a gentleman named William Carlson who served as the certifying officer at the time. So the conflict which the plaintiffs emphasize, pardon me, the appellants emphasize in their argument really doesn't exist. Because it's not a conflict of the Board of Alien Labor Certification Appeals against the secretary of labor where the board is subordinate. It's a conflict in a sense between the certifying officer whose correctness of his actions are judged by the Board of Alien Labor Certification Appeals. So it's not anyone defying the secretary. It's the board reviewing the actions of a subordinate officer. When in your opinion is there going to be final agency action? There is going to be final agency action when the Department of Labor in its discretion and there are in its discretion decides to process these appeals. And what remedy do the litigants have if they just sit on it and do nothing? They do not have a judicial remedy. So there's no functional equivalent maintenance? No. In particular, the APA actually excludes this kind of decision from review under the APA, Administrative Procedure Act. The case is Heckler v. Cheney from the Supreme Court and specifically says that non-enforcement decisions, which is what this is, are not reviewable. The case that Ms. Andrea Piatel cited, again, says this kind of interstitial decision is there's no final agency action. They're stuck. And the reason that they're stuck is it's not just a government agency deciding that it doesn't want to do something. It has to worry about an injunction from Florida. It has to worry about litigation in the Tenth Circuit in Colorado. It has to worry about litigation in the Eastern District of Pennsylvania. It has to worry about hundreds of administrative appeals where these issues are being litigated over and over again. So it has to worry about diversion of resources for all of these appeals. So this isn't just I'm usually arguing that the government is acting wrongfully and it really is weird for me to be pointing these out, but the fact is the agency's decision was a reasonable one and I don't have a hook. There isn't jurisdiction. There isn't jurisdiction under ACATA. There isn't jurisdiction under Heckler v. Cheney for me to force them to decide these appeals. Is it possible is there discretion, authority, or ability on the part of any of these levels of review to decline to process these appeals? I think I do and I'll answer what I understand with that caveat. Yes. The appellants are arguing that allowing the appeals to proceed, the employer's appeals to proceed through the process is a final agency action. So what I was trying to understand was could could does the agency have any ability to just say we're not going to process them? So for example, analogous way with us, I don't think we could say you can't appeal. You would have to hear the appeal and dismiss it for lack of jurisdiction. But I don't think we could stop I don't think we could decline to entertain the appeals until it's arrived. Is there an analogous is there something that would allow the Department of Labor at any of its review levels to decline to decide decline to allow the appeals to proceed? No, Your Honor. What would happen if the certifying officer, Mr. Carlson, had decided that we didn't qualify under the appeal regulation is that we would get a decision saying this appeal is outside of our jurisdiction and we would appeal to the second level and eventually to BALCA and BALCA would decide finally. I see that my time is up and I just may conclude very briefly which is for all the reasons offered during argument and in our briefing we believe that the district court's decision should be affirmed. Ms. Stewart, you can pick up where you left off or you can start. Thank you, Your Honors. I want to return just where you all left off and with Judge Duncan's question about the authority of the subordinate hearing officers. As I was saying before, the subordinate hearing officers are different from Article III judges. They can't decide whether they have jurisdiction or not over an appeal. Once the Secretary established his policy of allowing those appeals to proceed, the subordinate hearing officers had to hear them. They couldn't dismiss them. This is why the Secretary's interpretation defining the scope of the appeal regulations is the final agency action that we challenge here. I also want to return to another question that you asked Judge Duncan, which is are allegations of harm? Here, even though the appeals involve the employers, the workers are harmed by the Department of Labor's interpretation or their delay. If I take an appeal and it goes on in an agency and it goes on, I'm just unaware of an instance in which somebody who's not a party to that appeal gets to challenge that delay because it's my appeal. I don't understand the procedural predicate that would allow someone else to challenge the delay in the processing of my appeal. We're not challenging any individual appeal or the substantive outcome of those appeals. I don't understand how in my example, for instance, I appeal an agency determination and the agency isn't acting. I don't understand how, I don't understand the procedural hook that would allow an unrelated third party, different interests, adverse interests perhaps, to challenge the delay in deciding my appeal. The Department of Labor's delay in deciding this whole mess is affecting workers. But we're talking about the employer's appeal. So stay with the facts. The Department of Labor's delay in deciding the employer's appeals has two injuries, has caused injury to workers in two ways. First, their delay has suspended employers' obligation to pay workers' wages. So workers have been denied the right to those wages. And that is a harm sufficient for standing. Just some sort of procedural explanation of that process. Denial of a right is harm sufficient for standing purposes. Workers have a contractual and... Stuart? For purposes of my question, all I'm trying to understand is, if I appeal an agency action, what gives a third party who may want to use that agency action for presidential purposes or any... for any reason. So they want a decision. And they feel that they are being harmed because they're not getting a decision that they could rely on. But it's nevertheless my appeal. So there may be some collateral consequences to the absence of a decision. But I'm unaware of a circumstance or mechanism by which someone external to that appeal process could challenge the delay in deciding an appeal. If the third party has a right to the right that's being delayed, they can challenge the agency's delay. Here, workers have a regulatory and contractual right to the 2013 wages. That right has been denied by DOL's delay. Workers' ability to seek judicial review of any of the outcomes of the appeals has also been denied by DOL's delay. An impediment to judicial review is a harm sufficient for standing purposes. Workers have been left in limbo for four years and counting as a result of DOL's inaction in this matter. Your Honor, one other point I need to make is that returning to the jurisdiction of the support and hearing officers, we develop that argument more thoroughly in our brief on page 28 if you have more questions on that. If there are no further questions, Your Honors, I'll take my seat. Thank you. All right. We are going to come out and greet the counsel and then take about five minutes. This honorable court will take a brief recess.
judges: William B. Traxler Jr., Robert B. King, Allyson K. Duncan